IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LETISHA PERRI, | : | No. 3:CV-05-1884 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social | : | |
| Security, | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

### October 12, 2006

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On September 7, 2006, Magistrate Judge Blewitt filed a Report and

Recommendations (doc. 13) reviewing the appeal of the decision of the

Commissioner of Social Security ("Commissioner") to deny Plaintiff Letisha

Perri's ("Plaintiff") claim for Social Security Disability Insurance Benefits ("DIB")

under Title II of the Social Security Act ("Act").  Magistrate Judge Blewitt

recommends that the Plaintiff's appeal be granted and that the Plaintiff's case be

remanded for further proceedings.

Objections to the Magistrate Judge's Report were due by September 25,

2006.  On September 21, 2006, the Commissioner filed a letter with the Court

waiving the opportunity to object.  (Rec. Doc. 13).  The Plaintiff has not filed

objections.  This matter is now ripe for disposition.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

The Plaintiff protectively filed an application for DIB on December 23,

2002, alleging disability since April 15, 2002 due to impairments stemming from a

July 7, 2001 head-on motor vehicle accident.   Plaintiff, fifty  years old at the time

of the ALJ's decision, has a high school education and has past relevant work

experience and training as a certified nurse assistant ("CNA").

After an initial denial of the claim, Plaintiff requested and was granted a

hearing before an administrative law judge ("ALJ").  At the hearing, the Plaintiff,

her husband, a medical expert ("ME"), and a vocational expert ("VE") testified and

the ALJ issued a decision denying the Plaintiff's claims. The Plaintiff thereafter

filed a request for review of the ALJ's decision that was subsequently denied by

the Appeals Council, rendering the ALJ's decision the "final decision" of the

Commissioner.  See 42 U.S.C. §405(g).   The Plaintiff thereafter filed an appeal of

the Commissioner's decision.  Plaintiff contends that the ALJ erred in (1)

interpreting the ME's testimony regarding whether or not the Plaintiff met or

equaled Listing 1.04(a)[1]; (2) evaluating Dr. O'Leary's opinion; (3) formulating the hypothetical question to the VE; and (4) finding that the Plaintiff was not fully credible.

On September 7, 2006 Magistrate Judge Blewitt filed the instant Report and Recommendations (doc. 13) recommending we grant the appeal.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason

---

[1] Listing 1.04A requires that a claimant show the existence of a disorder of the spine, such as degenerative disc disease, "resulting in compromise of a nerve root (including the cauda equina) or the spinal cord" with: A. Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, Magistrate Judge Blewitt discusses the Plaintiff's contention that the ALJ erred by finding that the Plaintiff had not met or equaled the criteria of Listing 1.04A and therefore did not show that she had a severe impairment.[2] The Plaintiff contends that, in concluding that the ME was not able to testify with certainty that the Plaintiff's impairment met the requirements of Listing 1.04(a), the ALJ misinterpreted the ME's testimony.  Plaintiff argues that the ME testified that Plaintiff's impairment did, in fact, meet the Listing.  Magistrate Judge Blewitt's review of the ME's testimony reveals that the ME did not testify with certainty as to whether the Plaintiff met the Listing.  Accordingly, Magistrate Judge Blewitt recommended, and we agree, that the ALJ's finding that Plaintiff did not meet the Listing was supported by substantial evidence.

Second, with respect to Plaintiff's contention that the ALJ erred in evaluating Dr. O'Leary's opinion, Magistrate Judge Blewitt notes that on remand,

---

[2] For the sake of clarity, we note that a five-step evaluation process is used to determine if a person is eligible for disability benefits.  See 20 C.F.R. §§404.1520, 416.920 (2004).  The first step requires Plaintiff to establish that he has not engaged in substantial gainful activity. The second step is an evaluation of whether the Plaintiff has a severe impairment.  The third step is a consideration of whether the Plaintiff has established that he is unable to perform his past relevant work.  In the fourth step, the burden shifts to the Commissioner to demonstrate that other jobs exist in significant numbers in the national economy that the plaintiff is able to perform, consistent with his medically determinable impairments, functional limitations, age, education and work experience.  At the fifth step, the Commissioner is to consider the Plaintiff's stated vocational factors.

the ALJ should evaluate and discuss the weight given to Dr. O'Leary's progress notes.  We agree with  Magistrate Judge Blewitt's finding that Dr. O'Leary's progress notes are worthy of deference, and should be considered on remand.

Third, Magistrate Judge Blewitt finds that the ALJ did not err in formulating the hypothetical question to the VE.  The Plaintiff argues that the ALJ omitted the limitation proposed by Dr. Ryczak, the state agency physician who reviewed the record, when formulating the hypothetical question.   However, as noted by Magistrate Judge Blewitt, the ALJ "is not bound by any findings made by State agency medical and psychological consultants."  20 C.F.R. § 404.927(f). Magistrate Judge Blewitt further recommends that to the extent the ALJ erred in failing to assign weight to Dr. O'Leary's opinion regarding the Plaintiff's work ability, the ALJ should reevaluate the Plaintiff's residual functional capacity ("RFC").

Finally, Magistrate Judge recommends, and we agree, that the ALJ revisit the issue of Plaintiff's credibility on remand, in light of some of the contradictory evidence relied upon by the ALJ.

Accordingly, our review of this case obviously confirms Magistrate Judge Blewitt's determinations.  Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and because no objections have been filed, we will

adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      Magistrate Judge Blewitt's Report and Recommendation (doc. 13) is

        ADOPTED in its entirety.

2.      The Plaintiff's appeal is GRANTED.

3.      This case is REMANDED for further proceedings and consideration

        consistent with the Report and Recommendations (doc. 13) issued by

        Magistrate Judge Blewitt.

4.      The Clerk is directed to close the file on this case.

                                        s/ John E. Jones III
                                        John E. Jones III
                                        United States District Judge

6